■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MURRAY PINCUS, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 16, 1964, convicting him of murder in the first degree, upon a jury verdict, and sentencing him to life imprisonment. Judgment affirmed.  In our opinion, there is evidence of the *corpus delicti,* apart from defendant's admissions, to sustain the conviction.  Such additional proof consists of evidence that (a) the fire was violent; (b) the fire had to have a spark; (c) there was motive in that defendant had procured $5,000 additional insurance on the building involved in the fire about a week before the fire, although the building was already insured for $13,000, and defendant had purchased, through a family corporation, not only that building, but also a rear building and the land, for a total of $7,500 about three months before the fire; (d) the couches which were set on fire had been brought to the place where the fire originated about two weeks before the fire; (e) there was consciousness of guilt in that defendant threatened on two occasions, once to "shut up" and another time to kill, an important prosecution witness if she mentioned that he had anything to do with the fire; and (f) defendant called for his accomplice, Cruz (ostensibly to go to work to clean chimneys), at 9:00 P.M.,

on the evening before the fire and brought him home at 6 o'clock the next morning, the fire having occurred about 3:00 A.M. Furthermore, Cruz testified at the trial that he had made admissions that both defendant and he had participated in the fire, but claimed the admissions were coerced. The jury found that the admissions were not coerced. (Cf. *People* v. *Cruz*, 26 A D 2d 826.) This testimony by defendant's accomplice, corroborated by the evidence mentioned in clause (e) (*supra*) connected defendant with the commission of the crime (*People* v. *Peller*, 291 N. Y. 438, 445) and is sufficient to sustain the conviction. Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.